IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON,

       Plaintiff,                   No. 2: 11-cv-1157 JAM KJN P

   vs.

STEVEN FLETCHER, et al.,

       Defendants.          ORDER

_____/

       On August 3, 2011, defendants Cate, Osman, Jolley, Dunlap, Sabin and Warhover filed a waiver of reply pursuant to 42 U.S.C. § 1997e(g). This section provides,

> (1) Any defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.
>
> (2) The court may require any defendant to reply to a complaint brought under this section if it finds that the plaintiff has a reasonable opportunity to prevail on the merits.

42 U.S.C. § 1997e(g).

       In the waiver of reply, defendants state that they intend to file a dispositive motion within the time ordered by the court.

By ordering service of the complaint on defendants, the undersigned found that plaintiff had a reasonable opportunity to prevail on the merits. Accordingly, defendants are ordered to file a reply to the complaint within fourteen days of the date of this order. 42 U.S.C. § 1997e(g)(2).

The undersigned also notes that in the waiver of reply, defendants state that they intend to file a dispositive motion within the time ordered by the court. The waiver of reply does not address the issue of discovery and the likelihood that plaintiff would file a motion for discovery pursuant to Federal Rule of Civil Procedure 56(d) were defendants to file a dispositive motion. Under these circumstances, the waiver of reply does not promote the efficient resolution of this action.

On August 9, 2009, defendant Pletcher filed a waiver of reply. On October 19, 2011 defendant Pletcher filed a summary judgment motion. Because defendant Pletcher filed a summary judgment motion, he is not ordered to file a reply to the complaint.

Plaintiff has not filed a motion for appointment of counsel. Were plaintiff to file such a motion, the court would seriously consider such a request.

Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of this order, defendants Cate, Osman, Jolley, Dunlap, Sabin and Warhover shall file a reply to the complaint.

DATED: November 7, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jack1157.ord(2)