IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON,

    Plaintiff,                    No.  11-cv-1157 JAM KJN P

    vs.

STEVEN PLETCHER, et al.,

    Defendants.             <u>ORDER</u>

_____/

I. <u>Defendant Pletcher's Summary Judgment Motion</u>

        Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is represented by Paul Martin. Defendant Pletcher is represented by R. Wesley Pratt. Defendant Hall is represented by Michael Terhorst. Defendants Osman, Aguilera and Bick are represented by Kathleen Williams.

        Pending before the court is defendant Pletcher's summary judgment motion filed August 6, 2012. On September 13, 2012, a hearing was held before the undersigned regarding this motion. In the reply to plaintiff's opposition, defendant Pletcher argued that plaintiff's action is barred by res judicata based on a state court ruling issued August 27, 2012. Because plaintiff did not have an opportunity to brief this issue, defendant Pletcher's summary judgment motion is denied without prejudice. Defendant Pletcher may file a renewed summary judgment

motion in accordance with the schedule set forth herein.

II. <u>Scheduling Order</u>

*Motion Hearing Schedule*

All law and motion, except as to discovery-related matters, shall be completed by **March 6, 2013**. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel are cautioned to refer to the court's Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS AT THE TIME OF TRIAL.

*Discovery*

All discovery shall be *completed* by **December 21, 2012.** The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the parties have complied with the order. Motions to compel

discovery must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules.

*Pretrial Conference and Jury Trial*

The pretrial conference and jury trial will be set following resolution of all dispositive motions.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Defendant Pletcher's summary judgment motion (Dkt. No. 130) is denied without prejudice;

2. All law and motion, except as to discovery-related matters, shall be completed by **March 6, 2013**;

3. All discovery shall be completed by **December 21, 2012.**

DATED:  September 14, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jack1157.sch