IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND D. JACKSON,

      Plaintiff,                         No. 2: 11-cv-1157 JAM KJN P

      vs.

STEVEN FLETCHER, et al.,

      Defendants.                  <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant Pletcher's November 28, 2012 motion to stay this action. On December 10, 2012, defendants Osman, Bick and Aguilera (represented by separate counsel) filed a non-opposition to defendant Pletcher's motion to stay. Plaintiff filed an opposition.

        For the following reasons, the undersigned recommends that defendant Pletcher's motion be granted.

<u>Background</u>

        This action is proceeding on the amended complaint filed May 21, 2012, as to defendants Pletcher, Osman, Bick and Aguilera. Defendants Osman, Bick and Aguilera are medical doctors employed at the California Medical Facility ("CMF"). Defendant Pletcher is a

1

medical doctor employed at the University of California San Francisco Medical Center.  Plaintiff alleges that defendants violated his Eighth Amendment right to adequate medical care by failing to adequately treat his frequent and worsening nose bleeds, which ultimately were determined to be caused by squamous cell cancer.  Plaintiff alleges that had defendants provided earlier treatment, including a biopsy of his nose, the cancer would not have spread to such a degree and he would not have been required to have a total rhinectomy.

Motion to Stay

In the pending motion, defendant Pletcher argues that this action should be stayed on the grounds that plaintiff has a case pending against him in state court based on the same facts and legal theories.  Defendant Pletcher argues that once the state court action is resolved, the claims against him in the instant action will be barred by the doctrine of res judicata.

*Legal Standard for Motion to Stay*

For reasons of "wise judicial administration," federal courts may stay a federal action based on "the presence of a concurrent state proceeding."  Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 15 (1983) (citing Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818 (1976)).  Exact parallelism between the claims is not required-for application of the Colorado River doctrine, it is enough if the two proceedings are "substantially similar."  Nakash v. Marciano, 882 F.2d 1411, 1416–17 (9th Cir. 1989).

A stay in favor of state proceedings is appropriate only under "extraordinary circumstances."  Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716 (1996).  A court must consider and weigh several factors when determining the propriety of such a stay.  These include (1) whether either court has asserted jurisdiction over a res or property; (2) the relative convenience of the forums; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction and the progress of such proceedings; (5) whether state or federal law controls; and (6) whether the state proceeding is adequate to protect the rights of the parties.  See Moses H. Cone, 460 U.S. at 21–22; Colorado River, 424 U.S. at 817–19; Nakash,

1  882 F.2d at 1415.  "The factors relevant to a given case are subjected to a flexible balancing test, in which one factor may be accorded substantially more weight than another depending on the circumstances of the case, and 'with the balance heavily weighted in favor of exercising jurisdiction.'"  Holder v. Holder, 305 F.3d 854, 870–71 (9th Cir. 2002) (quoting Moses H. Cone, 460 U.S. at 16).

The Ninth Circuit has also recognized a seventh factor that a district court may consider: whether the federal plaintiff is engaged in "forum shopping" or seeking to avoid adverse state court rulings.  Nakash v. Marciano, 882 F.2d 1411, 1416–17 (9th Cir. 1989).

*Background*

In the pending motion, defendant Pletcher states that plaintiff filed an action against him in the San Francisco County Superior Court based on the same facts and claims on which the instant action against him is based.  (Dkt. No. 162-3 at 24-34.)  Defendants Osman, Bick and Aguilera are not named as defendants in this state court action.

On September 18, 2012, the San Francisco County Superior Court granted defendant Pletcher's summary judgment motion and entered judgment in his favor.  (Id. at 48-49.)  On November 14, 2012, plaintiff filed a notice of appeal from the San Francisco County Superior Court order.  (Id. at 56-57.)  Defendant Pletcher moves to stay this action pending the resolution of plaintiff's appeal.

The undersigned has reviewed plaintiff's complaint filed in state court and finds that the factual allegations against defendant Pletcher in the state court action are the same as those raised in the instant action.  In the state court action, plaintiff alleges that defendant Pletcher committed medical malpractice.  (Id. at 31.)  Plaintiff does not allege an Eighth Amendment claim in his state court action.

In his opposition to the pending motion, plaintiff argues that his state law action against defendant Pletcher is different from the instant federal action, thus res judicata does not apply.

*First and Second Colorado River Factors: Res and Forum Convenience*

First, there is no res in this case so the first Colorado River factor is inapplicable. As for the second Colorado River, factor, i.e., forum convenience, the question is not whether a party can demonstrate that the federal forum is the more convenient forum, but rather whether "the inconvenience of the federal forum is so great that this factor points toward abstention." Travelers Indemnity Co., 914 F.2d 1364, 1368 (9th Cir. 1990). The federal forum is not so inconvenient so as to favor staying this action.

*Third Colorado River Factor: Piecemeal Litigation*

Turning to the third Colorado River factor, "[p]iecemeal litigation occurs where different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Am. In't Underwriters, 843 F.2d 1253, 1258 (9th Cir. 1988). "The mere possibility of piecemeal litigation does not constitute an exceptional circumstance." R.R. St. & Co., 656 F.3d 966, 979 (9th Cir. 2011). "Instead, the case must raise a 'special concern about piecemeal litigation,'" id. (quoting Travelers, 914 F.2d at 1369), which "can be remedied by staying or dismissing the federal proceeding." Id.

In R.R. Street & Co., for example, the Ninth Circuit focused on several facts: (1) deciding the state and federal action in separate courts "would result in duplication of efforts"; (2) the federal action sought to adjudicate issues implicated in a "vastly more comprehensive state action"; and (3) there was a highly interdependent relationship between the federal and state cases. Id. at 979–80. Under those circumstances, the avoidance of piecemeal litigation weighed significantly against the exercise of jurisdiction by the federal court. Id. at 980.

The undersigned considers the issue of res judicata in connection with this third Colorado River factor.

"'It is now settled that a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered' under the Constitution's Full Faith and Credit Clause and under 28

4

1  U.S.C. § 1738." Holcombe v. Hosmer, 477 F.3d 1094, 1097 (9th Cir. 2007) (quoting Migra v.
2  Warren City School Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)). "To determine the preclusive
3  effect of a state court judgment, federal courts look to state law." Intri–Plex Technologies, Inc.
4  v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007). "Under California law, res judicata
5  precludes a party from relitigating (1) the same claim, (2) against the same party, (3) when that
6  claim proceeded to a final judgment on the merits in a prior action." Adam Bros. Farming, Inc.
7  v. County of Santa Barbara, 604 F.3d 1142, 1148–49 (9th Cir. 2010).

8  An order for summary judgment is generally considered to be a final judgment on
9  the merits for purposes of res judicata. Columbus Line, Inc. v. Gray Line Sight-Seeing
10 Companies Associated, Inc. 120 Cal.App.3d 622, 629 (1981). However, that is not the case
11 where the judgment is based on technical or procedural, rather than substantive, grounds. Koch
12 v. Rodlin Enterprises, Inc., 223 Cal.App.3d 1591, 1596 (1990). "The doctrine of [res judicata]
13 only protects a final determination of the controversy on the merits of the claims and defenses. If
14 the judgment is on procedural or other grounds unrelated to the merits, it is not res judicata." 7
15 Witkin, Cal. Proc. (5th ed. 2008) Judgment, § 343, p. 953. For example, a summary judgment
16 rendered on statute of limitations grounds will not be considered a final judgment on the merits
17 because it is not indicative of the validity of the underlying action. Koch v. Rodlin Enterprises,
18 Inc., 223 Cal.App.3d at1596-97.

19 California law provides that "a valid, final judgment on the merits is a bar to a
20 subsequent action by parties or their privies on the same cause of action." Amin v. Khazindar,
21 112 Cal.App.4th 582, 589 (Cal.App.2d  2003). California applies the "primary rights" doctrine
22 to determine when two claims arise from the same "cause of action." Slater v. Blackwood, 15
23 Cal.3d 791, 795 (Cal. 1975). Under the primary rights doctrine, "[t]he cause of action is the right
24 to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory
25 (common law or statutory) advanced ... [t]he 'cause of action' is based upon the harm suffered, as
26 opposed to the particular theory asserted by the litigant." Boeken v. Philip Morris USA, Inc., 48

5

<…>

Cal.4th 788, 798 (Cal. 2010). If a claim is within the scope of a previously litigated cause of action, a plaintiff is barred from raising the claim in a subsequent action. Amin, 112 Cal.App. 4th at 589–90.

In the instant case, the identical primary right is at stake in both plaintiff's state and federal actions, i.e., the right to adequate medical care. The harm for which plaintiff seeks redress against defendant Pletcher in the instant action is identical to the harm at issue in his state law action. While plaintiff proceeds on an Eighth Amendment claim against defendant Pletcher in the instant action, he has alleged no new harm. See Slater v. Blackwood, 15 Cal.3d 791, 795 (1975) ("Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim of relief.") As such, California's doctrine of res judicata would preclude plaintiff's claims against defendant Pletcher raised in the instant action were the state appeal decided in defendant Pletcher's favor. See Takahashi v. Board of Trustees, 783 F.2d 848, 851 (9th Cir. 1986) (finding plaintiff's section 1983 claim barred by res judicata where state law claim decided in prior state court action alleged violation of same primary right).

Moreover, as noted by defendant in his reply, the standard to prove deliberate indifference is higher than the standard to prove medical negligence. Medical malpractice or negligence is not sufficient liability under the Eighth Amendment. If defendant Pletcher did not act negligently, he could not have acted with deliberate indifference. Thus, plaintiff's Eighth Amendment claim would be barred by the doctrine of res judicata if the California Court of Appeal upheld the Superior Court judgment that defendant Pletcher did not commit medical malpractice.

The undersigned has also considered whether the Superior Court entered a final judgment on the merits, as required for application of the res judicata doctrine. In the order granting defendant Pletcher's summary judgment motion, the Superior Court stated,

> The motion for Summary Judgment is granted. Defendants have met their summary judgment burden, based on the declaration of Dr. Kaplan. Defendants met the standard of care. Plaintiff fails to create a triable issue of material fact.

> The opinion of Dr. Lopchinsky is not under penalty of perjury and does not comply with C.C.P. 2015.5. The Court sustains defendants' objection to Dr. Lopchinsky's letter opinion.

(Dkt. No. 162-3 at 43.)

The Superior Court granted defendant Pletcher summary judgment because plaintiff's expert's declaration was not verified. Although based on a "technical" mistake by plaintiff, this order by the Superior Court constituted a judgment on the merits. The Superior Court's ruling was not based on a procedural ground unrelated to the merits of the action, such as a statute of limitations. The Superior Court's ruling was based on plaintiff's failure to present adequate evidence in support of his opposition to defendants' summary judgment motion, which constituted a ruling related to the merits. For these reasons, the undersigned finds that the dismissal of plaintiff's related state court action was a dismissal on the merits of his claims against defendant Pletcher. A decision by the California Court of Appeal upholding the Superior Court order would also be a decision on the merits.

Because plaintiff's claims against defendant Pletcher raised in the instant action would be barred by the doctrine of res judicata if the state appellate court upheld the judgment of the San Francisco Superior Court, staying this action would promote the fourth Colorado River doctrine factor, i.e., the avoidance of piecemeal litigation. Under these circumstances, proceeding with the instant action as to all defendants while the state appeal is pending would be a waste of judicial resources.

*Fourth Colorado River Factor: Order Forums Obtained*

When determining whether to exercise concurrent jurisdiction, the court may consider the order in which jurisdiction was obtained by the two forums. Colorado River, 424 U.S. at 818. This factor must be applied in a "pragmatic, flexible manner, so that priority is not measured exclusively in terms of which complaint was filed first, but rather in terms of how much progress was actually made in the state and federal actions." American Int'l Underwriters, 843 F.2d at 1258.

While plaintiff filed his federal action on March 30, 2011, and his state court action on August 1, 2011, his state action has progressed significantly farther than his federal action. For this reason, the undersigned finds that this factor favors staying this action.

*Fifth Colorado River Factor: Whether Federal or State Law Controls*

In discussing the fifth factor, i.e., whether state or federal law controls, the Ninth Circuit has stated, "[w]hile the presence of state law issues will rarely be sufficient to warrant abstention, 'the presence of federal law issues must always be a major consideration weighing against surrender [of jurisdiction]," although concurrent jurisdiction of the state court over federal claims reduces the significance of this factor. Nakash, 882 F.2d at 1416. Because there are federal claims in the instant action, this factor weighs against staying this action.

*Sixth Colorado River Factor: Adequacy of State Court to Protect Litigants' Rights*

The court may also consider whether the state court is inadequate to protect the federal litigant's rights. Travelers Indemnity Co., 914 F.2d at 1370. Like the choice of law factor discussed above, this factor is more important when it weighs in favor of federal jurisdiction, not against it. Id. at 1370.

Plaintiff intentionally chose not to raise his federal claims in his state law action. For this reason, this factor weighs slightly in favor of the exercise of federal jurisdiction.

*Nakash Factor: Forum Shopping*

The record does not demonstrate that plaintiff engaged in "forum shopping" or sought to avoid adverse state court rulings. Nakash, 882 F.2d at 1417. For this reason, this factor weighs in favor of the exercise of federal jurisdiction.

*Analysis*

The factors weighing in favor of staying this action outweigh those factors that weigh against staying this action. The third Colorado River factor, i.e., avoiding piecemeal litigation, weighs most strongly in favor of staying this action. The claims against defendant

Pletcher are barred by the doctrine of res judicata if the state appellate court upholds the Superior Court's judgment against plaintiff. While the pending state court action proceeds only against defendant Pletcher, continued litigation of this action against all defendant at this time would result in piecemeal litigation and a waste of judicial resources. The pending state court appeal is an "exceptional circumstance" justifying the stay of this action pending the resolution of that appeal.

For these reasons, the undersigned recommends that defendant Pletcher's motion to stay be granted, but with some reluctance as state court appeals can take significant time. However, in the interest of judicial economy, the undersigned cannot stay this action as to defendant Pletcher only and allow it to proceed as to defendants Osman, Aguilera and Bick. Nevertheless, in order to avoid a delay in the resolution of his case, plaintiff may consider dismissing his federal claims against defendant Pletcher at this time so that this action may proceed as to defendants Osman, Aguilera and Bick. In lieu of objections, plaintiff may file a request to voluntarily dismiss defendant Pletcher following which the court will vacate these findings and recommendations.

Accordingly, IT IS HEREBY RECOMMENDED that defendant Pletcher's motion to stay (Dkt. No. 162) be granted; defendant Pletcher be ordered to inform the court within thirty days of the decision by the California Court of Appeal.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 13, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jack1157.sta