UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND D. JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN PLETCHER, et al.,<br><br>Defendants. | No. 2: 11-cv-1157 JAM KJN P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 6, 2013, the court granted in part and denied in part defendants' motion to dismiss.  (ECF No. 220.)  On November 21, 2013, plaintiff filed a notice of appeal of the November 6, 2013 order.  (ECF No. 222.)

Pending before the court is plaintiff's January 28, 2014 motion for certification of the appeal pursuant to 28 U.S.C. § 1292(b).  (ECF No. 232).  For the following reasons, this motion should be denied.

The order addressing defendants' motion to dismiss (ECF 220) is not an appealable order.  28 U.S.C. § 1292(a).  Thus, in order to appeal this order, plaintiff must obtain an order from this court certifying the appeal.  28 U.S.C. § 1292(b).  Certifications of interlocutory orders are proper if they involve a controlling question of law as to which there is substantial ground for difference of opinion and when an immediate appeal from the order may materially advance the ultimate

1

termination of the litigation. Id. "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067 n. 6 (9th Cir. 2002). Section 1292(b) certifications are granted in "rare circumstances" and the "court of appeals … has discretion to reject … interlocutory appeal[s], and does so frequently." Id. In seeking interlocutory appeal, a movant has a heavy burden to show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 475 (1978).

In the opposition to plaintiff's motion for certification of the appeal, defendants first argue that the motion is untimely. The motion for certification was filed almost three months after the order plaintiff seeks to appeal.

> Although there is no explicit time limit within which a party must request certification for an interlocutory appeal, see 28 U.S.C. § 1292(b), many courts have held that an unreasonable and unexplained delay in seeking certification is sufficient cause for denying the request. Scholl v. United States, 68 Fed. Cl. 58, 60 (2005) ("Unreasonable delay constitutes sufficient cause to deny a motion [for certification]...."); Weir v. Propst, 915 F.2d 283, 285–87 (7th Cir. 1990) (Posner, J.) (declining jurisdiction under 28 U.S.C. § 1292(b) due to defendants' "gratuitous and protracted" delay of five months in seeking certification); In re Buspirone Patent & Antitrust Litig., 210 F.R.D. 43, 49 (S.D.N.Y. 2002) (denying request or certification due to "inexcusable or, at best, unexplained delay" of three months); Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs., 780 F.Supp. 978, 979–80 (E.D.N.Y. 1992) (denying request for certification due to plaintiff's unjustified delay of two and a half months); see also 3–28 Moore's Federal Practice & Procedure § 28.11 (3d ed. 2001) ("[I]f a party takes an excessive delay in seeking an amendment, the district court may deny a motion to amend."). The Seventh Circuit has held that a delay of two months in seeking certification constitutes sufficient grounds to refuse permission for an interlocutory appeal, and has cautioned that district judges should not grant "inexcusably dilatory request[s]" for certification. Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc., 202 F.3d 957, 958 (7th Cir. 2000) (Posner, C.J.) (citing Weir, 915 F.2d at 287).
>
> While the Ninth Circuit has not expressed its view with regard to the timeliness of an initial request for certification, it has aligned itself with the Seventh Circuit on a very similar question dealing with requests for recertification. On that issue, the Ninth Circuit, like the Seventh Circuit, has held that an appellant may not circumvent the ten-day jurisdictional time limit of 28 U.S.C. § 1292(b) by seeking recertification of "an order that was previously

2

> certified for appeal but from which the appellant failed to timely petition to appeal." See In re Benny, 812 F.2d 1133, 1137 (9th Cir. 1987) (citing Nuclear Eng'g Co. v. Scott, 660 F.2d 241, 247 (7th Cir. 1981)). In such cases, jurisdiction over the appeal may be refused if it would fail to serve the purposes of 28 U.S.C. § 1292(b) by promoting judicial efficiency. Id.

Gagan v. Sharer, 2006 WL 3736057 at *1 (D.Ariz. 2006).

In the pending motion, plaintiff indicates that his delay in seeking certification was caused by "procedural error." Plaintiff's approximately three month delay in seeking the certificate due to "procedural error" renders the request untimely.[1] See Richardson Elecs., Ltd. v. Panache Broad. of Pa., 202 F.3d at 958 (district judge should not grant an inexcusable dilatory request for certification pursuant to 28 U.S.C. § 1292(b)).

In the alternative, plaintiff has failed to demonstrate that the issues in the appeal involve a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

The court granted defendants' motion to dismiss all of plaintiff's claims for failure to exhaust administrative remedies except for the claim that defendant Osman provided inadequate medical care in October 2008. The court found that plaintiff failed to exhaust his administrative remedies regarding his claim that defendants failed to provide him with a biopsy of his nose. Nothing in this order involved a controlling question of law of which there is substantial ground for difference of opinion. An immediate appeal from this order would not materially advance the ultimate termination of this litigation.

Accoridngly, IT IS HEREBY RECOMMENDED that plaintiff's motion for certificate of appealability (ECF No. 232) be denied.

---

[1] Both parties assert that plaintiff had ten days from the date the court issued the order addressing defendants' motion to dismiss to file his motion for certification. "Although there is no specific time limit for seeking certification under § 1292(b), if the district court grants a party's request for certification, that party may then petition the Court of Appeals within ten days for permission to immediately appeal the certified issue." Olmos v. Ryan, 2012 WL 3548068 at *1 (D.Ariz. 2012). The ten day time limit contained in 28 U.S.C. § 1292(b) applies to the time for filing petition from the order certifying the appeal.

1  These findings and recommendations are submitted to the United States District Judge
2  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3  after being served with these findings and recommendations, any party may file written
4  objections with the court and serve a copy on all parties.  Such a document should be captioned
5  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the
6  objections shall be filed and served within fourteen days after service of the objections.  The
7  parties are advised that failure to file objections within the specified time may waive the right to
8  appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
9  Dated:  March 25, 2014

11  Jack1157.cert

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE